[Dkt. No. 23]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            v.                     : Crim. No. 16-459-01 (RMB)
                                   :
EFRAIN ROSA                        : **OPINION**
_____:

    This matter comes before the Court upon Defendant Efrain Rosa's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). [Dkt. No. 23]. Defendant Rosa is currently serving his sentence at the Bureau of Prisons FCI Allenwood Low. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

    On October 6, 2016, Defendant's jurisdiction was transferred from the Eastern District of Pennsylvania to this Court. On February 21, 2018, while on supervised release, Defendant was arrested and charged by Cumberland County Prosecutor's Office with Possession of Methamphetamine and Possession with Intent to Distribute Methamphetamine. The Defendant was also found to be in possession of over $17,000 in cash, a ballistic vest, and firearm ammunition. A Petition and Order for Issuance of an arrest warrant was issued by this Court

on February 22, 2018. On February 23, 2018, Defendant appeared before the Honorable Joel Schneider, United States Magistrate Judge and was charged with violating his supervision. A detention Order was issued.

On July 19, 2018, Defendant pled guilty to Violation No. 1 which charged him with committing a new offense, to wit, Possession of Methamphetamine and Possession with Intent to Distribute Methamphetamine.

On July 25, 2018, this Court revoked Defendant's supervised release and sentenced Defendant to 60 months imprisonment and a term of 5 years supervised release.

On August 25, 2020, Rosa submitted a request to the Bureau of Prisons ("BOP") seeking administrative release to home confinement. On September 14, 2020, the BOP denied Rosa's request, citing his lack of qualifying medical conditions and criminal history. On December 15, 2020, through his counsel, Defendant filed the within Motion.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts

2

to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2,

3

2020), as revised (Apr. 8, 2020).  This is a statutory requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his administrative remedies.  United States v. Raia, 954 F.3d 594 (3d Cir. 2020).  The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A).  As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and

4

compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

   (I)  suffering from a serious physical or medical condition,

  (II)  suffering from a serious functional or cognitive impairment, or

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

>    (III) experiencing deteriorating physical or mental
>          health because of the aging process,
>
>    that substantially diminishes the ability of the
>    defendant to provide self-care within the
>    environment of a correctional facility and from
>    which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C). The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

In his counseled Motion, Defendant, a Hispanic who is 68 years of age, cites that he suffers from hypertension, hyperlipidemia and prediabetes, which he argues may contribute to his risk of contracting COVID-19. While the Centers for Disease Control and Prevention ("CDC") recognizes an age of 65 and older as a risk factor, this does not, by itself automatically qualify as an extraordinary and compelling reason without more. See, e.g., United States v. Cooper, 2020 WL 4882535, at *3 (N.D. Ind. Aug. 20, 2020) (fact that defendant was 68-years old "without any underlying medical condition making him more likely to experience serious complications from the disease, does not support a finding that extraordinary and compelling reasons require a reduction in her sentence.").

6

Moreover, as the Government notes, none of the other conditions Rosa points to – which include high blood pressure, hyperlipidemia, and prediabetes – are recognized by the CDC as conditions that, according to current data, definitively entail a greater risk of severe illness.  Rather, only hypertension (and not high cholesterol or prediabetes) falls within a second set of identified health conditions for which persons "might be at an increased risk for severe illness from COVID-19."  See United States v. Durham, 2020 WL 5577884, at *2 (W.D.N.C. Sept. 17, 2020).  Finally, while Defendant presents evidence that because he is Hispanic he is at an increased risk, that does not constitute a risk factor for COVID-19 as a medical condition does.  The records further reflect that he regularly receives medication for these conditions.  Accordingly, the Court finds that Defendant has not established an extraordinary or compelling reason to justify his compassionate release.

Moreover, the record before this Court demonstrates that the BOP is undertaking efforts to contain the COVID-19 outbreak at FCI Allenwood Low, and those efforts have been successful since the filing of the Motion.  According to the Bureau of Prisons website, as of today's writing, only one inmate is positive, zero staff, and no deaths have occurred from COVID-19.  See www.bop.gov/coronavirus (last visited February 10, 2021).

7

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). Defendant distributed methamphetamine while on supervised release as a result of a prior federal conviction involving the distribution of a substantial amount of cocaine. Disturbingly, at the time of his instant arrest, law enforcement seized, in addition to the methamphetamine, $192,000 in cash, ammunition, and a bullet proof vest. He is an unrepentant individual who continues to engage in dangerous criminal activity.

The "history and characteristics of the defendant" and the need to protect the public also counsel against granting the motion for the same reasons. Clearly, the Defendant has little regard for the rule of law. His criminal history certainly reflects that. The need for deterrence and the need to punish the Defendant are of particular significance in this case and, thus, weigh against reducing Defendant's sentence. This is not

8

to say that the Court is unsympathetic to Defendant's case.  The fear of contracting COVID-19 permeates all of society.  But the medical care Defendant is receiving, the measures put into place by the BOP to address and contain the virus spread and the § 3553 factors cannot warrant Defendant's release.  Rather, they counsel in favor of continued incarceration.

  The Motion is therefore DENIED.

            s/Renée Marie Bumb
            RENÉE MARIE BUMB
            United States District Judge

Dated: February 10, 2021